UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JR 1 and JR 2, minors, by and through their Next Friend, GERALD REDMOND, and ESTATE OF JEREMIAH REDMOND, Deceased,

      Plaintiff,

v.

TIMOTHY HERTZ, *et al.*,

      Defendants.

_____/

Case No. 2:23-cv-12164
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART, DENYING IN PART ROSEVILLE DEFENDANTS' MOTION TO QUASH (ECF No. 50)

This matter came before the Court for consideration of: (1) Defendants' motion to quash (ECF No. 50); and, (2) the parties' joint statement of unresolved issues (ECF No. 67). Judge Leitman referred the motion to quash to me pursuant to 28 U.S.C. § 636(b). (ECF No. 58.) A hearing was held on October 23, 2024, at which the Court entertained oral argument. Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein:

Defendants' motion to quash (ECF No. 50) is **GRANTED IN PART and DENIED IN PART** as outlined below.

As to the issue of standing, while a party generally has no standing to challenge a nonparty subpoena, Defendant Angeleri has standing to bring a motion to quash a subpoena seeking his own personnel records. *Arndt v. Ford Motor Co.*, No. 15-11108, 2016 U.S. Dist. LEXIS 38391, at *5 (E.D. Mich Mar. 24, 2016); *see also generally Barrington v. Mortgage IT, Inc.*, No. 07-61304, 2007 WL 4370647 (S.D. Fla. Dec. 10, 2007).

Defendant first objects that the subpoenas are overbroad, are beyond the scope of discovery under Fed. R. Civ. P. 26(b)(1) and seek information protected under *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1064, 1067 (6th Cir. 1998). The Court agrees that the subpoenas, in large part, appear to seek tangential information which is not relevant to the existing claims and are also disproportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). There is nothing in the operative pleading alleging a racial bias, racial discrimination, or any sort of racial animus involved in the underlying incident, although Plaintiffs went to great but tenuous lengths at oral argument to paint Defendant Angeleri as being motivated by racial bias. Nor do Plaintiffs plead a *Monell* failure to screen claim, instead pleading failure to train and supervise. (ECF No. 1, PageID.19-20.) Nonetheless, Plaintiffs allege that the subpoenas aim to uncover possible discovery related to racial discrimination or a *Monell* failure to screen. Plaintiffs admit that the operative pleading does not include these claims, but contend that they could,

at some undisclosed point in the future, bring a motion to amend in light of recent nebulous "evidence" which has been "brought to light."  The Court notes that the discovery window is quickly closing, and the deadline for seeking leave to amend in this case (January 19, 2024) came and went without any such request or extension, despite multiple stipulated amendments to the scheduling order that did not tinker with the original deadline. (ECF No. 15, PageID.87.)  The Court has made clear that there would be no further extensions to the scheduling order.  (ECF No. 42; *see also* ECF No. 34.)

    The Court thus **ORDERS** that all subpoenas directed at non-law enforcement former employers of Defendant Angeleri are **QUASHED** as being not relevant to the existing claims and/or for being disproportionate to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Plaintiffs may proceed with the two subpoenas directed at former employers that are law enforcement entities, *i.e.*, Royal Oak Police Dep't and Detroit Police Dep't., ECF No. 56-3, PageID.1063-1071).  These subpoenas are arguably related to paragraph 58(e) of Plaintiffs' Complaint.  (ECF No. 1, PageID.20.)  However, the Court finds the subpoenas, as written, to be overbroad, and hereby **LIMITS** the requests to Defendant Angeleri's "training records, his discipline records, and complaints similar to the alleged constitutional violations claimed in Plaintiff's complaint" (ECF No. 50, PageID.642), *Sanford v. City of Detroit*, 355 F.Supp.3d 619, 622 (E.D. Mich. 2019), and further **ORDERS**

3

that they be redacted to exclude all personal information such as the names of family members, addresses, and social security numbers, consistent with the Court of Appeals ruling in *Kallstrom, supra*.

    **IT IS SO ORDERED.**[1]

Dated: October 28, 2024

                                              Anthony P. Patti
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).