UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JR 1 and JR 2, minors, by and through their Next Friend, GERALD REDMOND, and ESTATE OF JEREMIAH REDMOND, Deceased,

   Plaintiff,

v.

TIMOTHY HERTZ, *et al.*,

   Defendants.

_____/

Case No. 2:23-cv-12164
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

### ORDER GRANTING IN PART, DENYING IN PART PLAINTIFFS' AMENDED MOTION FOR LEAVE TO TAKE MORE THAN 10 DISCOVERY DEPOSITIONS (ECF No. 64)

  This matter came before the Court for consideration of Plaintiffs' amended motion for leave to take more than 10 discovery depositions. (ECF No. 64.) Judge Leitman referred the motion to me pursuant to 28 U.S.C. § 636(b). (ECF No. 65.) A hearing was held on October 30, 2024. Upon consideration of the motion papers and oral argument, and for the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein:

  Plaintiffs' motion for leave (ECF No. 64) is **GRANTED IN PART and DENIED IN PART** as outlined below. Plaintiffs request leave to depose six additional deponents above the ten allowed under the Federal Rules. Although in

their briefing, Plaintiffs argue all the deponents are "critical," at the hearing counsel prioritized the witnesses in this order: (1) Ryan Monroe, (2) Stephan Dzierzawski, (3) Lt. Beemer, (4) Donald Glandon, (5) Thomas Bender, and (6) Det. Lukasavage.  For the reasons stated at the hearing, and briefly outlined herein, the motion is **GRANTED** with respect to Beemer and Monroe, with the time limitations noted below.  It is **DENIED** as to the other proposed deponents.

As a preliminary matter, the Court **DENIES WITHOUT PREJUDICE** the motion with respect to the deposition of Thomas Bender. Bender is being sought primarily for discovery specifically or at least primarily related to a failure to screen claim, which has not yet been pleaded.  While Plaintiffs state that they intend to file a motion seeking leave to amend their pleadings to add such a claim, well beyond the deadline previously established by the Court, they have not yet done so.  Until such a motion is brought and decided by the Court, discovery related to a failure to screen is not relevant to the claims in this litigation.  Should the Court allow an amended complaint which adds a failure to screen claim, the Court expects that Defendants would have no objection to the deposition of Thomas Bender but, if they did, the Court would hear the appropriate motion at that time.

Plaintiffs rank Ryan Monroe, Chief of the Roseville Police Department in 2020, as the most important deposition needed, but Plaintiffs' counsel contends the

deposition could be accomplished in under two hours.  The Court finds this additional deposition to be reasonable as limited, particularly in light of the timeframe of Monroe's service as Chief of Police, and hereby **GRANTS** leave to depose Monroe, limited to two hours.

Plaintiffs next seek to depose Lt. Beemer.  According to Plaintiffs, "Lt. Beemer is one of the individuals at the Roseville Police Department who investigated prior complaints against both of the individual Defendants including, but not limited to, conducting interviews with the individual Defendants, witnesses, and reporting to City of Roseville Police Department administration." (ECF No. 64, PageID.1269.)  Plaintiffs want to depose Beemer with respect to their failure to train claim.  The Court finds that Plaintiffs have made a sufficient showing that the deposition of Lt. Beemer is relevant to Plaintiffs' claims and proportional to the needs of the case, notwithstanding that the deposition is over the ten-deposition limit of Fed. R. Civ. P. 30(a)(2)(A)(i).  Leave to depose Lt. Beemer is therefore **GRANTED**, but given the narrow scope necessary, the Court **LIMITS** the deposition to 90 minutes, which Plaintiff acknowledged to be sufficient.

Plaintiffs seek to depose Det. Lukasavage, who was allegedly "in charge of preserving, disposing, and purging of evidence obtained by the City of Roseville Police Department."  (ECF No. 64, PageID.1265-66.)  Plaintiffs concede that

Lukasavage's deposition is least important of those requested, particularly after the deposition of Monroe has been allowed, but seek to depose Lukasavage to explore the possibility of a spoliation argument. Plaintiffs argue that their FOIA requests of March and April 2021 (ECF 71-5) should have put Defendants on notice that they had an alleged responsibility to maintain their records. Plaintiffs admit, however, that the requests did not specifically reference a potential lawsuit nor did they specifically request preservation of records. While Plaintiffs suggest that a FOIA request, in and of itself, puts a police department on notice of the imminence of a lawsuit sufficient to invoke a duty to preserve records, Plaintiffs have provided no case law in support of their position. Defendants persuasively argue that given the high number of FOIA requests received by the department (from various sources including the news media, curious citizens, etc.), they cannot be expected to interpret the motives of each request without a specific indication that a lawsuit is contemplated, or that even if a lawsuit is contemplated, that the department or any of its officers are the target of that lawsuit (as opposed to any of the private citizens involved in this incident). Given the marginal possibility of a viable spoliation argument, Plaintiff's possession of record purging documentation from which it may make the argument without testimony, and the duplicative nature of Lukasavage's testimony in light of Monroe's deposition, the Court **DENIES** leave

to depose Lukasavage, and finds that allowing this deposition, which is in excess of the ten allowed, is not proportional to the needs of the case.

Plaintiffs also ask the Court to allow the deposition of Stephan Dzierzawski, who Plaintiffs contend "conducted an internal use-of-force investigation into Defendant Angeleri arising out of a May 22, 2017 incident wherein Defendant Angeleri delivered 'three palm heel strikes to the face' of a citizen." (ECF No. 64, PageID.1273.) Plaintiffs' briefing appeared to suggest Dzierzawski's deposition is necessary to explore Angeleri's alleged history of inappropriate uses of force, but Plaintiffs conceded at the hearing that use of force is not a claim or an issue in this case. Indeed, what is pleaded in this case is a lack of action, not an overreaction. Instead, Plaintiffs' contend Dzierzawski's deposition is necessary as to Angeleri's general fitness for service, credibility, or truthfulness. Plaintiffs intimate that if Angeleri was untruthful in his 2017 report, then he was unfit for duty. Defendants argue that this deposition is of limited value, and is duplicative, given that Plaintiffs can rely on the deposition of the police chief and the business records that have already been provided. The Court agrees with Defendants that this particular deposition appears to be more of a fishing expedition and **DENIES** leave to depose Dzierzawski. The case is in the eleventh hour of discovery and this deposition is not proportional to the needs of the case, given its marginal value and that ten depositions have already been allowed.

Finally, Plaintiffs ask the Court to allow the deposition of Donald Glandon, the Deputy Chief of the Roseville Police Department, who the Court notes does not appear on any witness list. Plaintiffs argue that Glandon's deposition is necessary for the same reasons as Dzierzawski's deposition, and the Court **DENIES** leave to depose him for the same reasons the Court denied leave to depose Dzierzawski.

**IT IS SO ORDERED.**[1]

Dated: October 31, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).